**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 05-80403

DAVID WILLIAMS,

        Defendant.

_____/

### OPINION AND ORDER DECLINING TO REDUCE SENTENCE
### PURSUANT TO 18 U.S.C. § 3582

The matter is before the court on a determination for a possible reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The court appointed the Federal Defender's Office "to determine eligibility, confer with the Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving any pending or intended 18 U.S.C. § 3582(c) motions." (7/07/08 Order at 1.)

### I. STANDARD

A district court may reduce a defendant's sentence if modification is authorized by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). Title 18 U.S.C. § 3582(c)(2) allows a court to "reduce the term of imprisonment" "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has issued a

policy statement regarding sentence reductions pursuant to § 3582(c)(2), which (1) outlines those situations in which a prisoner is eligible for a reduction under the statute, (2) lists the factors a court must take into account when considering a defendant's sentence reduction and (3) puts limitations on the extent to which a court may reduce a sentence.  *See* U.S.S.G. § 1B1.10.

First, § 3582(c)(2) can apply only to those amendments listed in its subsection (c), U.S.S.G. § 1B1.10(a)(1) which, as of March 3, 2008, includes the amendment modifying the guideline range for cocaine base offenses.[1]  *See* U.S.S.G. § 1B1.10(c) ("Covered Amendments. . . . 706 as amended by 711 . . . .").  Section 3582(c)(2) does not cover those defendants to whom no subsection (c) amendment applies, U.S.S.G. § 1B1.10(a)(2)(A), nor those for whom an applicable subsection (c) amendment would have no lowering effect.  U.S.S.G. § 1B1.10(a)(2)(B).

Second, when deciding whether and to what extent to reduce a defendant's sentence under § 3582(c)(2), the court must consider those factors listed in the policy statement.  A prisoner is not guaranteed a sentence reduction pursuant to § 3582(c)(2) as a matter of right; rather, the court has the discretion to deny a § 3582(c)(2) motion. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *see also* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment . . . ." (emphasis added)). When exercising this discretion, the court must first take into account "the amended guideline rage that would have been applicable to the defendant if the

---

[1]The Sentencing Commission made retroactive Amendment 706's lower ranges for cocaine base offenses by amending its policy statement on 18 U.S.C. § 3582(c)(2) to include 706 as one of amendments to which the statute can apply.  *See* U.S.S.G. § 1B1.10(c).

amendment(s) to the guidelines . . . had been in effect at the time the defendant was

sentenced." U.S.S.G. § 1B1.10(b)(1). When deciding the amended guideline range,

"the court shall substitute only the amendments listed in subsection (c) for the

corresponding guideline provisions that were applied when the defendant was

sentenced and shall leave all other guideline application decisions unaffected." *Id.*

Additionally, the court must take into consideration the factors set forth in 18 U.S.C. §

3553(a),[2] U.S.S.G. § 1B1.10 cmt. n.1; 18 U.S.C. § 3582(c)(2), and "the nature and

seriousness of the danger to any person or the community that may be posed by a

reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1.

Finally, "[t]he court may consider post-sentencing conduct of the defendant that

occurred after the imposition of the original term of imprisonment." *Id.*

Third, if the court decides to grant a § 3582(c)(2) motion, there are some

limitations on the extent to which a defendant's sentence may be reduced. The court

cannot reduce a sentence to below the minimum of the amended guideline range,

U.S.S.G. § 1B1.10(b)(2)(A), unless "the original term of imprisonment imposed was less

than the term of imprisonment provided by the guideline range applicable to the

defendant at the time of the sentencing." U.S.S.G. § 1B1.10(b)(2)(B). If this is the

case, "a reduction comparably less than the amended guideline range . . . may be

appropriate." *Id.* However, "if the original term of imprisonment constituted a non-

---

[2]These factors are (1) the nature and circumstances of the offense and the
history and characteristics of the defendant, (2) the need for the sentence imposed to
reflect the purposes of penal punishment, including retributivism, deterrence,
incapacitation, and rehabilitation, (3) the kinds of sentences available, (4) the applicable
sentencing range under the guidelines, (5) any pertinent policy statement issued by the
Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities and
(7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Id.* Finally, the reduced sentence can never be lower than time already served by the defendant. U.S.S.G. § 1B1.10(b)(2)(C).

## II. DISCUSSION

The court first finds that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as construed in the Sentencing Commission's policy statement, due to Amendment 706 to the Guidelines. Amendment 706 is listed in subsection (c) of the policy statement, U.S.S.G. § 1B1.10(a)(1), (c), and it both applies to and would have a lowering effect on Defendant's sentencing range. U.S.S.G. § 1B1.10(a)(2). Thus, the court must determine, in light of Defendant's amended guideline range, whether the factors listed in 18 U.S.C. § 3553(a), public safety considerations, and Defendant's post-sentencing conduct recommend a sentence reduction.

Following his guilty plea, Defendant was convicted of one count of Possession with Intent to Distribute a Controlled Substance (Count I), 21 U.S.C. § 841(a)(1); and one count of Possession of a Short-Barreled Shotgun in Furtherance of a Drug Trafficking Crime (Count II), 18 U.S.C. § 924(c)(1)(B)(i). The recommended guideline range of imprisonment for Count 1 was 18 to 24 months, and the recommended sentence for Count II was 120 months. The court imposed the 120 months on Count II, and 10 months consecutive on Count I.

Under the amended guideline calculations, Defendant's recommended sentence for Count II remains 120 months, which is the statutory minimum, but his guideline range on Count I drops from 18 to 24 months to a range of 15 to 21 months. Thus, the

only question before the court is whether the three month drop in Defendant's guideline range justifies a further reduction in his sentence on Count I. The court finds that a reduction is not justified.

The decision of whether to grant a reduction of sentence is within the court's discretion. The court must take into consideration the factors set forth in 18 U.S.C. § 3553(a), U.S.S.G. § 1B1.10 cmt. n.1, 18 U.S.C. § 3582(c)(2), and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1. Here, the court is further guided by the fact that it already exercised its discretion to impose a sentence below the guideline range when it originally sentenced Defendant. In considering all of relevant factors under § 3553(a), as well as the nature of Defendant's offense, and the potential danger to any person or the community upon Defendant's release, the court maintains that the circumstances surrounding Defendant's conviction as well as his background justify the sentence originally imposed. The court originally found, based on a recommended guideline range of 18 to 24 months, that the appropriate sentence for Count I was 10 months. Now that the range has dropped only three months to 15 to 21 months, the court is unpersuaded that a further reduction in sentence is warranted. Defendant's sentence of 10 months on Count I is, in any event, still below the revised guideline range. The court declines to grant Defendant any further reduction.

### III. CONCLUSION

For the reasons discussed above,

IT IS ORDERED that the court DECLINES to reduce Defendant's sentence

under 18 U.S.C. § 3582(c)(2) and this matter is deemed closed.

 s/Robert H. Cleland     
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 6, 2010, by electronic and/or ordinary mail.

 s/Lisa Wagner      
Case Manager and Deputy Clerk
(313) 234-5522